## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ERICA MCKENNA and RYAN
MCKENNA,

                Plaintiffs,

    v.

GAME TIME SUPPLEMENTS, LLC, d/b/a
RSP NUTRITION; VITALIZE LLC, d/b/a,
BODYBUILDING.COM; VITALIZE NJ
LLC; JOHN DOES 1-20; and ABC CORPS.
1-20,

                Defendants.

**NOTICE OF REMOVAL**

| | |
|---|---|
| **TO:** | THE HONORABLE CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
| **ON NOTICE TO:** | Adam M. Slater, Esq. MAZIE SLATER KATZ & FREEMAN, LLC 103 Eisenhower Parkway Roseland, NJ 07068 Attorneys for Plaintiffs |
| | Clerk of the Superior Court Law Division – Bergen County Bergen County Justice Center 10 Main Street Hackensack, NJ 07601 |
| | Clerk of the Superior Court of New Jersey Hughes Justice Complex 25 West Market Street CN 971 Trenton, NJ 08625 |

**SIR/MADAM:**

    **PLEASE TAKE NOTICE** that defendant, Game Time Supplements, LLC, d/b/a RSP

Nutrition ("GTS"), by and through their counsel, Kinney Lisovicz Reilly & Wolff PC, hereby

requests removal of this civil action pending in the Superior Court of the State of New Jersey,

Bergen County, Law Division (the "State Court Action"), Docket No. BER-L-006524-24, pursuant to 28 U.S.C. §§ 1441 and 1446, as amended, and in accordance with 28 U.S.C. § 1332, as amended, on the following grounds:

      1.     As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S. C. §§ 1332 and 1441 because the procedural requirements for removal are satisfied and because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I.    THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

      2.     On or about November 11, 2024, Plaintiffs, Erica McKenna and Ryan McKenna ("Plaintiffs"), commenced the State Court Action by filing a Complaint with the Clerk of the Superior Court of New Jersey, Bergen County, Law Division. A true and accurate copy of the Summons and Complaint is annexed hereto as **Exhibit A**.

      3.     GTS received a Summons and Complaint on November 13, 2024, via personal service to its registered agent in Florida.  No affidavit of service has been filed or received from Plaintiffs.

      4.     This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1), as GTS has filed this Notice of Removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1). Thirty (30) days have not yet passed since the date on which GTS was served with the Complaint.

      5.     The United States District Court for the District of New Jersey includes the locality in which the State Court action is now pending and, thus, this Court is a proper forum for this action pursuant to 28 U.S.C. § 1441(a).

6.      No previous application has been made for the relief requested herein.

7.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs, and a copy is being filed with the Clerk of the Superior Court of New Jersey, Bergen County, Law Division.

8.      If any question arises regarding the propriety of the removal of this action, GTS respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as amended, because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs. See **Exhibit A**.

### A.      Complete Diversity of Citizenship Exists.

10.      Upon information and belief, Plaintiffs are individuals who reside in Ridgewood, Bergen County, New Jersey and are deemed citizens of the State of New Jersey. See **Exhibit A** at ¶1.

11.      GTS is a Florida limited liability company ("LLC") with its principal place of business in Florida.  No member of GTS is a citizen of New Jersey.  Thus, GTS is deemed to be a citizen of the State of Florida.

12.      GTS was served via personal service to its registered agent in Florida.

13.      Upon information and belief, defendant Vitalize LLC, d/b/a, bodybuilding.com is an LLC, incorporated in Delaware, with its principal place of business at 9469 W. State Street, #510, Boise, Idaho 83714. See **Exhibit A** at ¶3.

14.    Upon information and belief, no member of defendant Vitalize LLC, d/b/a, bodybuilding.com is a citizen of New Jersey.    Thus, defendant Vitalize LLC, d/b/a, bodybuilding.com is deemed to be a citizen of the State of Idaho.

15.    Upon information and belief, defendant Vitalize NJ LLC is an LLC, incorporated in Delaware, with its principal place of business at 9169 W. State Street, #510, Boise, Idaho 83714. See Exhibit A at ¶4.

16.    Upon information and belief, no member of defendant Vitalize NJ LLC is a citizen of New Jersey.  Thus, defendant Vitalize NJ LLC is deemed to be a citizen of the State of Idaho.

**B.  The Amount in Controversy Requirement is Satisfied**

17.    Plaintiffs allege in the Complaint that the defendants marketed and sold a product that caused the Plaintiffs to sustain acute liver failure and necessitated a liver transplant. See **Exhibit A** at ¶¶7-19.

18.    Plaintiffs also allege in the Complaint that their injuries include disability, impairment, loss of enjoyment of life, costs for medical care and treatment, lost wages and earning capacity, and other economic and non-economic damages. See **Exhibit A** at ¶36.

19.    Plaintiffs' Complaint alleges claims against the defendants for violations of the New Jersey Product Liability and Consumer Fraud Acts.  See **Exhibit A** at ¶¶38-66.

20.    Upon information and belief, the amount of controversy exceeds $75,000, exclusive of interests and costs.

#2019164v1

**WHEREFORE**, Game Time Supplements, LLC, d/b/a RSP Nutrition respectfully requests removal of this action from the Superior Court of New Jersey, Bergen County, Law Division, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**KINNEY LISOVICZ REILLY & WOLFF PC**

Attorneys for Defendant,
Game Time Supplements, LLC, d/b/a RSP
Nutrition

By:    /s/ Christian Bruun
_____
Christian Bruun

Dated: December 13, 2024

## LOCAL RULE 11.2 CERTIFICATION

PURSUANT to Local Civil Rule 11.2, the undersigned hereby certifies that except as set forth above, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding and no other action, arbitration or administrative proceeding is contemplated.

**KINNEY LISOVICZ REILLY & WOLFF PC**

Attorneys for Defendant,
Game Time Supplements, LLC, d/b/a RSP
Nutrition

By:    /s/ Christian Bruun

Christian Bruun

Dated: December 13, 2024

#2019164v1

# EXHIBIT A

*3p*
*11-13-24*

Adam M. Slater, Esq. | NJ Atty. No. 046211993
MAZIE SLATER KATZ & FREEMAN, LLC
103 Eisenhower Parkway
Roseland, New Jersey 07068
P: (973) 228-9898
E: aslater@mazieslater.com
Attorneys for Plaintiffs

| | |
|---|---|
| ERICA MCKENNA and RYAN MCKENNA,<br><br>Plaintiffs,<br><br>v.<br><br>GAME TIME SUPPLEMENTS, LLC, d/b/a RSP NUTRITION; VITALIZE LLC, d/b/a, BODYBUILDING.COM; VITALIZE NJ LLC; JOHN DOES 1-20; and ABC CORPS. 1-20,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – BERGEN COUNTY<br>DOCKET NO.: BER-L-6524-24<br><br>Civil Action<br><br>**SUMMONS** |

FROM THE STATE OF NEW JERSEY
To The Defendant(s) Named Above:        **Game Time Supplements, LLC**
                                                                **dba RSP Nutrition**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at: http://www.judiciary.state.nj.us/pro_se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN 971, Trenton, New Jersey 08625. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to the plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain an attorney by calling one of the Lawyer Referral Services. A directory with contact information for the local Legal Services Offices or Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at: http://www.judiciary.state.nj.us/pro se/10153 deptyclerklawref.pdf.)

_/s/Michelle M. Smith_ _____
Michelle M. Smith, Clerk of Superior Court

Dated: November 11, 2024

Name of Defendant to be Served:    **Game Time Supplements, LLC dba RSP Nutrition**
**Registered Agent:**
**Business Filings Incorporated**
**1200 South Pine Island Road**
**Plantation, FL 33324**

## DIRECTORY OF SUPERIOR COURT DEPUTY CLERK'S OFFICES
## COUNTY LAWYER REFERRAL AND LEGAL SERVICES OFFICES

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL (609) 345-3444
LEGAL SERVICES (609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL (201) 488-0044
LEGAL SERVICES (201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility, 49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL (609) 261-4862
LEGAL SERVICES (800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice, 1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL (856) 964-4520
LEGAL SERVICES (856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL (609) 463-0313
LEGAL SERVICES (609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL (856) 692-6207
LEGAL SERVICES (856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL (973) 622-6204
LEGAL SERVICES (973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake First Fl., Court House
1 North Broad Street, P.O. Box 750
Woodbury, NJ 08096

LAWYER REFERRAL (856) 848-4589
LEGAL SERVICES (856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL (201) 798-2727
LEGAL SERVICES (201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL (908) 735-2611
LEGAL SERVICES (908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL (609) 585-6200
LEGAL SERVICES (609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage, 2nd Floor – Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL (732) 828-0053
LEGAL SERVICES (732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park, P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL (732) 431-5544
LEGAL SERVICES (732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets, P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL (973) 267-5882
LEGAL SERVICES (973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL (732) 240-3666
LEGAL SERVICES (732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL (973) 278-9223
LEGAL SERVICES (973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street, P.O. Box 29
Salem, NJ 08079

LAWYER REFERRAL (856) 678-8363
LEGAL SERVICES (856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL (908) 685-2323
LEGAL SERVICES (908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL (973) 267-5882
LEGAL SERVICES (973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL (908) 353-4715
LEGAL SERVICES (908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office, Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL (973) 267-5882
LEGAL SERVICES (908) 475-2010

Adam M. Slater, Esq. | NJ Atty. No. 046211993
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
P: (973) 228-9898
E: aslater@mazieslater.com
*Attorneys for Plaintiffs*

| | |
|---|---|
| ERICA MCKENNA and RYAN MCKENNA, <br><br> Plaintiffs, <br><br> v. <br><br> GAME TIME SUPPLEMENTS, LLC, d/b/a RSP NUTRITION; VITALIZE LLC, d/b/a, BODYBUILDING.COM; VITALIZE NJ LLC; JOHN DOES 1-20; and ABC CORPS. 1-20, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – BERGEN COUNTY DOCKET NO.: BER-L- <br><br> **Civil Action** <br><br> **COMPLAINT & JURY DEMAND** |

Plaintiffs Erica and Ryan McKenna, residing in Bergen County, New Jersey, by way of Complaint against Defendants alleges as follows:

### THE PARTIES

1.     At all times relevant herein, Plaintiffs Erica McKenna and Ryan McKenna reside in Ridgewood, Bergen County, New Jersey.

2.     Defendant Game Time Supplements, LLC, doing business as RSP Nutrition, ("RSP Nutrition") is a Florida limited liability company with its principal place of business at 1000 Brickell Ave, STE 715, Miami, Florida, 33131.

1

3. Defendant Vitalize LLC, doing business as Bodybuilding.com, is a limited liability company, incorporated in Delaware, with its principal place of business at 9469 W State Street, #510, Boise, Idaho 83714..

4. Defendant Vitalize NJ LLC, is a limited liability company, incorporated in Delaware, with its principal place of business at 9169 W. State Street, #510, Boise, Idaho 83714. It is registered in New Jersey under Business ID Number: 0450392154. Upon information and belief this is a subsidiary of Vitalize LLC.

5. Defendants Vitalize LLC, doing business as Bodybuilding.com, and Vitalize NJ LLC are referred to herein collectively as "Bodybuilding.com."

6. Defendants John Does 1-20 and ABC Corporations 1-20 are fictitious individuals or entities liable and responsible for Plaintiffs' damages and who have not yet been identified.

## BACKGROUND AND FACTUAL ALLEGATIONS

7. Defendant RSP Nutrition is a Florida-headquartered manufacturer and distributor of dietary supplements. Defendant marketed and sold their QuadraLean Thermo Fat Burner™ ("QuadraLean") as being designed to drive thermogenesis and support weight management, while providing all-natural energy and focus through its own website, which is accessible in New Jersey, and through retailers, such as defendant Bodybuilding.com. Defendants deliberately marketed and sold QuadraLean to consumers in the State of New Jersey, actively conducting business in the State of New Jersey.

8. QuadraLean lists the following ingredients: INNOBIO® CLA 60% (Conjugated Linoleic Acid, ("CLA")), L Carnitine L-Tartrate, Natural Caffeine (from Green Tea), Choline Bitartrate, Alpha GPC 50% (Alpha-Glyceryl Phosphoryl Choline), Grains of Paradise (Aframomum melegueta) (Paradoxine), Cayenne Pepper Fruit Extract, Gelatin, Plant Cellulose,

2

Silicon Dioxide, Magnesium Stearate, and Titanium Dioxide (hereafter referred to as the "ingredients").

9.      QuadraLean's ingredients have known hepatotoxins, which can induce chronic hepatotoxicity, such as CLA, green tea extract, and grains of paradise.

10.     Among other mechanisms of hepatotoxicity, scientific literature has shown that CLA can cause significantly elevated aspartate aminotransferase (AST) levels.[1]

11.     Defendant Bodybuilding.com, upon belief and information, deliberately marketed and sold QuadraLean via their website accessible in the State of New Jersey in August of 2022. On its website, Bodybuilding.com markets itself as "We believe in the dreamers but more importantly, the doers. We'll provide the tools, you put in the work. Together, we can create healthier and longer lives."[2]

12.     Upon information and belief, Defendants and their employees, subsidiaries, affiliates, and other related entities were acting within the purpose and scope of their agency and employment whenever reference in this Complaint is made to any act or transaction of a Defendant, or Defendant with knowledge ratified the act or transaction.

13.     At all relevant times, Defendants deliberately transacted, solicited, and conducted business, including through internet merchants, in the State of New Jersey and derived revenue from such business.

14.     QuadraLean was, upon information and belief, advertised as the "best fat burning supplement."

---

[1] See, e.g. Mirzaii S., Mansourian M., et. al., "Association of conjugated linoleic acid consumption and liver enzymes in human studies: A systematic review and meta-analysis of randomized controlled clinical trials" Nutrition, 32(2)(2016), pp.166-173.

[2] See the Bodybuilding.com, "About Us," https://www.bodybuilding.com/fun/about.html.

3

15.     Contrary to the representations made by Defendants, QuadraLean is a dangerous and untested dietary supplement that causes hepatic injuries, ranging from acute, mild liver dysfunction to liver failure requiring liver transplantation.

16.     Defendants did not warn that QuadraLean may cause hepatic injuries, ranging from acute, mild liver dysfunction to liver failure requiring liver transplantation.

17.     On or about August 25, 2022, Plaintiff purchased QuadraLean from Defendant BodyBuilding.com through its website, which delivered QuadraLean to Plaintiffs' home in Ridgewood, New Jersey, on or about August 27, 2022.

18.     Plaintiff Erica McKenna used Quadra lean beginning on August 28, 2022, and continued use until on or about October, 2022.

19.     Plaintiff Erica McKenna suffered drug induced liver injury (DILI), an acute liver injury caused by QuadraLean, and acute liver failure in November 2022, which required a liver transplant on December 2, 2022.

20.     This Court has personal jurisdiction over all Defendants as Plaintiff purchased the QuadraLean within the State of New Jersey, and upon information and belief, each Defendant purposefully directed its relevant conduct and sales into New Jersey at all times relevant.

21.     Venue in this matter is proper, pursuant to <u>Rule</u> 4:3-2, in Bergen County, as Plaintiff purchased, received, and was injured by the QuadraLean in Bergen County.

## COUNT I

### VIOLATIONS OF THE NEW JERSEY
### <u>PRODUCT LIABILITY ACT, N.J.S.A. 2A:58C-1, <i>et seq.</i></u>
### (Design Defect Against Defendants)

22.     Plaintiff repeats and restates the foregoing allegations as if set forth at length herein.

4

23.     Plaintiff brings this claim pursuant to the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, *et seq.* ("NJPLA").

24.     The design of QuadraLean was a defective and unreasonably toxic and dangerous, liver failure-causing product.

25.     The design, structure, configuration, material, and composition separately and together rendered QuadraLean unreasonably toxic, dangerous, and not reasonably fit, suitable, or safe for its intended purpose.

26.     The risks and dangers of QuadraLean outweighed the benefits and rendered it unreasonably dangerous.

27.     Safer alternative designs were available including, but not limited to, those using safer ingredients, including but not limited to: Beta-glucans, Chitosan, Fucoxanthin, Guar gum, Raspberry Ketones, or white kidney bean/bean pod (Phaseolus vulgaris).

28.     The risk benefit profile of QuadraLean was unreasonable, and it should not have been marketed or sold as is.

29.     At all relevant times, Defendants were under a duty to exercise reasonable care in research, development, design, testing for safety, formulation, manufacture, labeling, packaging, advertising, marketing, distribution and/or sale to make QuadraLean reasonably safe. Defendants did not fulfill this duty.

30.     QuadraLean did not perform as an ordinary user would expect.

31.     Plaintiff is a reasonably foreseeable user of QuadraLean.

32.     At the time of Plaintiff's injuries, she was using QuadraLean as instructed, for its intended and foreseeable purposes, and the product had not been substantially altered since it left Defendant's control.

33.     Defendants are strictly liable for the defectively designed QuadraLean.

34.     Defendants acted with willful and wanton disregard for the rights and health of Plaintiff.

35.     It was reasonably foreseeable to Defendants that consumers like Plaintiff would use QuadraLean for the purposes for which it was marketed and would, as a result, suffer injuries.

36.     As a proximate result of Defendants' wrongful conduct, Plaintiff has been severely harmed, and has endured pain, suffering, disability, impairment, loss of enjoyment of life, incurred costs for medical care and treatment, loss of wages and wage earning capacity, and other economic and non-economic damages. The injuries and losses are permanent and continuing in nature.

37.     Punitive damages are warranted against Defendants because the conduct described was willful and wanton and reckless, that is, conduct that constitutes a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct, and Defendants' wanton and willful acts and omission were a substantial cause of Plaintiff's injury.

WHEREFORE, Plaintiff requests judgment against Defendants, ABC Entities 1-20, and/or John Does 1-20 for compensatory damages, punitive damages, attorney's fees, interest, costs, and such further relief as the Court deems equitable and just.

## COUNT II

### VIOLATIONS OF THE NEW JERSEY
### PRODUCT LIABILITY ACT, N.J.S.A. 2A:58C-1, *et seq.*
### (Failure to Warn Against Defendants)

38.     Plaintiff repeats and restates the foregoing allegations as if set forth at length herein.

39.     Plaintiff brings this claim pursuant to the NJPLA against the Defendants.

40.     At all relevant times, Defendants engaged in the business of testing, developing, designing, manufacturing, marketing, selling, distributing, and/or promoting QuadraLean, which

is defective and unreasonably toxic and dangerous to users, including Plaintiff, because it does not contain adequate warnings or instructions concerning their unreasonably dangerous characteristics.

41. Defendants researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted, sold, and otherwise released QuadraLean into the stream of commerce and in the course of same, directly advertised or marketed them, including to Plaintiff. Defendants had a duty to adequately warn users, including Plaintiff, of the risks including that QuadraLean could cause liver damage, including liver failure requiring transplant.

42. At all relevant times, Defendants had a duty to properly test, develop, design, manufacture, inspect, package, label, market, promote, sell, distribute, maintain, supply, provide proper and adequate warnings, and take such steps as necessary to ensure QuadraLean did not cause users, and those foreseeably exposed, including Plaintiff, to suffer from unreasonable and dangerous risks when used in a foreseeable manner, as occurred here, including liver damage and liver failure resulting in transplant. Defendants had a continuing duty to adequately warn users and those foreseeably exposed, including Plaintiff, of the dangers associated with QuadraLean.

43. Defendants were required to provide adequate warnings and instructions regarding the risks of QuadraLean. Defendants knew, or should have known, of the unreasonable risks of harm associated with the use of and exposure to QuadraLean, including its toxicity, and causal connection to liver damage and liver failure, in some cases requiring transplant.

44. At all relevant times, Defendants failed and deliberately refused to adequately investigate, study, test, warn about, or promote the safety or minimize the dangers to those who would foreseeably use, be exposed to, or otherwise be harmed by QuadraLean, including Plaintiff.

7

45. Even though Defendants knew, or should have known, that QuadraLean posed a grave and unreasonable risk of harm, they failed to adequately warn of the unreasonably dangerous risks associated with its use. The dangerous properties of QuadraLean, as described above, were known to Defendants at the time they distributed, supplied, marketed, and sold the products, and were not known to Plaintiff.

46. Defendants knew or should have known that QuadraLean created significant and unreasonable dangers and risks of serious bodily harm to users, and they failed to adequately warn the reasonably foreseeable users, and those exposed, of the risks posed by QuadraLean. Defendants have wrongfully concealed information concerning the dangerous nature of the QuadraLean and have made false and/or misleading statements concerning its safety.

47. At all relevant times, QuadraLean reached intended users or other persons coming into contact with the products within New Jersey and throughout the United States, including Plaintiff, without substantial change in its condition as designed, manufactured, sold, distributed, labeled, and marketed by Defendants.

48. At all relevant times, Plaintiff used and/or was exposed to or ingested QuadraLean while using it for its intended or reasonably foreseeable purposes, without knowledge of its dangerous characteristics.

49. Defendants knew or should have known that the warnings and instructions disseminated with QuadraLean were inadequate, failed to communicate adequate information on the risks including of liver damage, failed to communicate adequate protective measures, and failed to communicate warnings and instructions that were appropriate and adequate to render QuadraLean safe for its ordinary, intended, and reasonably foreseeable uses.

8

50.     The information that Defendants did provide or communicate failed to contain relevant, adequate warnings, instructions, hazards, and precautions that would have enabled users, such as Plaintiff, to use QuadraLean safely. Instead, Defendants disseminated information that was inadequate, inaccurate, incomplete, false, and misleading, and which failed to communicate accurately or adequately the nature, severity, duration, and extent of the risks of injuries with use of QuadraLean. In fact, Defendants continued to aggressively promote the efficacy and safety of the QuadraLean, even after they knew or should have known of its unreasonable risks.

51.     This failure to warn is not limited to the information contained on the QuadraLean's labeling. Defendants were also required to disclose and warn of the known risks associated with QuadraLean through other, non-labeling mediums, *i.e.*, promotion, advertisements, marketing information, public service announcements, and/or public information sources. Instead, Defendants did not adequately disclose or warn of the known, severe risks of the QuadraLean through any medium, and instead willfully failed to disclose their true risk profile.

52.     Defendants are strictly liable to Plaintiff for injuries caused by their failure to provide adequate warnings and instructions and/or other relevant information and data regarding the risks of QuadraLean.

53.     Defendants' failure to provide adequate warnings about associated risks prevented Plaintiff from having the information needed to adequately protect herself and/or find alternative and safer products.

54.     Had Defendants provided adequate warnings and instructions and properly disclosed and disseminated the risks associated with QuadraLean, Plaintiff would have been aware of and able to avoid the risks.

9

55.     Defendants acted with willful and wanton disregard of the rights and health of Plaintiff.

56.     As a proximate result of Defendants' failure to adequately warn, Plaintiff has been severely harmed, and has endured pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and consortium, incurred costs for medical care and treatment, loss of wages and wage earning capacity, and other economic and non-economic damages.  The injuries and losses are permanent and continuing in nature.

57.     Defendants intentionally, recklessly, and maliciously misrepresented the safety, risks, and benefits of QuadraLean, understating the risks and exaggerating the benefits in order to advance their own financial interests, with wanton and willful disregard for the rights and health of Plaintiff.

58.     Defendants are strictly liable in tort to Plaintiff for their wrongful conduct pursuant to the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1 et seq.

WHEREFORE, Plaintiff requests judgment against Defendants, ABC Entities 1-20, and/or John Does 1-20, for compensatory damages, punitive damages, interest, attorneys' fees, costs of suit, and such further relief as the Court deems equitable and just.

## COUNT III

## NEW JERSEY CONSUMER FRAUD ACT

59.     Plaintiff repeats and restates the foregoing allegations as if set forth at length herein .

60.     Plaintiff brings this action pursuant to the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq. ("CFA").

61.     Defendants, and their employees and agents, made affirmative representations that were misleading, deceptive, or unconscionable regarding safety and efficacy of QuadraLean.

62.     Defendants, and their employees and agents, neglected to perform what the law required of them by concealing, suppressing, or omitting material facts regarding safety and efficacy of QuadraLean.

63.     Defendants have engaged in unlawful representations and omissions by selling the QuadraLean products that caused physical harm to persons in the State of New Jersey in the manner discussed in the preceding paragraphs, including by representing and warranting the safety of the products and failing to disclose the risks, including the risk of liver damage, Defendants made various affirmations regarding the safety and effectiveness of QuadraLean that became part of the basis of the bargain, including by way of example, that QuadraLean was "third-party tested," "Scientifically Proven Ingredients," "quality assurance," "designed using the best and most effective weight management ingredients," "clean energy," "developed to target all critical areas of weight loss," "Boost metabolism & target stubborn fact," "Support thermogenesis with our scientifically researched Thermogenesis Blend," "experience increased mental focus through our research-backed Neuro Blend," and "It's the best fat burning supplement.".

64.     As a result of this unlawful conduct, Plaintiff has suffered economic damage, physical damage, emotional distress damages, and other ascertainable losses.

65.     Defendants are liable *per se* under the CFA.

66.     Defendants conduct is otherwise unconscionable.

WHEREFORE, Plaintiffs demands judgment against Defendants, ABC Entities 1-20, and/or John Does 1-20, for compensatory damages, punitive damages, treble damages and

11

attorney's fees and costs pursuant to <u>N.J.S.A.</u> 56:8-1, interest, and such other relief as this Court deems appropriate equitable and just.

### COUNT IV

### LOSS OF CONSORTIUM

67.     Plaintiffs repeat and reallege the foregoing allegations as if set forth at length herein.

68.     At all times relevant, Plaintiff Ryan McKenna was the lawfully wedded husband of Erica McKenna and remains so to date, and as such, was and is entitled to her consortium, companionship and society.

69.     As a proximate result of the actions and/or omissions of defendants, Plaintiff Ryan McKenna was deprived, and in the future will be deprived, of the services, society and consortium of his wife, and has and will be required to provide valuable services his wife, and has been damaged as a result.

WHEREFORE, Plaintiff requests judgment against Defendants, ABC Entities 1-20, and/or John Does 1-20, for compensatory damages, punitive damages, attorney's fees, interest, costs, and such further relief as the Court deems equitable and just.

### JURY DEMAND

Please take notice that Plaintiff demands a trial by jury as to all issues in the above matter.

### DESIGNATION OF TRIAL COUNSEL

Adam M. Slater Esq. is hereby designated as trial counsel in the above-captioned matter pursuant to <u>Rule</u> 4:25-4.

## PRESERVATION NOTICE

Notice is hereby provided that Defendants must preserve any and all potential evidence, whether hard copy documents, electronic documents and information, or physical evidence, including but not limited to design documents and files, manufacturing documents and files, warning documents and files, adverse event and complaint documents and files, regulatory documents and files, communications with any person or entity regarding the design, warnings, safety, or efficacy of the products at issue and their components, material safety data sheets and other product information, litigation documents and pleadings, scientific literature, scientific analyses, invoices, labels, product inserts, internal and external marketing materials, promotional materials, root cause analyses, investigations, notes, electronic data, testing data, video and photographs, all internal and external communication data including pager, phone, text, e-mail and/or other electronic records, including all intact metadata, for all relevant employees, all communications (electronic, paper, or any other medium) with Plaintiff or Plaintiff's employers; communications with all third parties including, but not limited to, any health agencies and/or government bodies, any contractors or independent contractors, including safety professionals, and any other entities or persons who have knowledge of the allegations set forth herein.

## DEMAND FOR INSURANCE COVERAGE

In accordance with Rule 4:10-2, all Defendants are demanded to provide a complete copy of their potentially applicable insurance policies and declaration sheets demonstrating coverage within thirty days of service of this Complaint. This request includes insurance policies for general liability, malpractice, error and omissions, director and officer liability, and excess/umbrella coverage, and any agreements by which each Defendant may be entitled to pursue indemnification or contribution for the damages at issue herein.

## DEMAND FOR DISCLOSURE OF NON-PARTIES

Demand is hereby made that defendants strictly comply with <u>Rule</u> 4:5-1(b)(2), which requires that "each party shall disclose in the certification the names of any non-party who should be joined in the action pursuant to <u>Rule</u> 4:28 or who is subject to joinder pursuant to <u>Rule</u> 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts." Demand is made for this disclosure within ten days of service of the Complaint.

Demand is further made for defendants to review all available records, undertake reasonable investigation and to determine and identify any individual(s) or entit(ies) who should be joined in this action pursuant to <u>Rule</u> 4:5-1(b)(2). Demand is made for this disclosure within ten days of service of the Complaint.

Please take further notice that "[e]ach party shall have a continuing obligation during the course of the litigation to file and serve on all other parties and with the court an amended certification if there is a change in the facts stated in the original certification." <u>Rule</u> 4:5-1(b)(2).

## DEMAND FOR INTERROGATORIES

Plaintiffs demand that the Defendants serve certified answers to the Form C Interrogatories and Form C(4) Interrogatories within sixty days of service of each Defendant's answer pursuant to the Court Rules.

## DEMAND FOR ESI

Plaintiffs demand that Defendants preserve and produce all relevant electronically stored information ("ESI"), with all metadata intact. Plaintiffs request that Defendants confer with Plaintiffs regarding the form and manner of production of all ESI within thirty days of service of the Complaint.

14

BER-L-006524-24   11/11/2024 4:36:32 PM   Pg 15 of 18   Trans ID: LCV20242940976

## DEMAND FOR PRODUCTION

Plaintiffs demand that *each* Defendant produce complete copies of the following documents with regard to the Plaintiff, and the at-issue products listed herein, designed, manufactured, marketed, supplied, or sold by each Defendant, within thirty days of service of this Complaint:

1.  True copies or originals of any statements (written, oral, or recorded), in the possession or control of the defendant from any party or witness regarding any matter relevant to the subject matter of this case.

2.  True copies of all medical records and reports with regard to the medical condition of the Plaintiff.

3.  True copies of any documents which defendant may utilize at trial, either as an exhibit marked for identification, on cross-examination, or as evidence.

4.  True copies or original of each and every learned treatise, article, or any other scholarly or informational matter which defendant may utilize at the trial of this case either for use in defendant's case in chief, on cross-examination, on rebuttal, or at any other stage of the trial of this case.

5.  True and complete records or documents regarding the design (*i.e.* complete design file with all design documents) and testing of QuadraLean and its components described herein.

6.  True and complete records or documents regarding the manufacturing processes for QuadraLean and its components.

7.  True and complete documents relating to quality assurance and risk management or assessment with regard to QuadraLean and its components.

8.  All documentation with regard to the health risks associated with QuadraLean and its components, including, but not limited to, internal emails, analyses, reports, customer or other complaints or inquiries, and internal or external studies, on these products' safety and efficacy, including the risk of liver damage and liver failure.

9.  All published or unpublished literature, studies, or analyses, in the possession of Defendants regarding the risks of QuadraLean and its components, including, but not limited to, the risks of liver damage and liver failure.

15

10. All draft and final labeling, inserts, brochures, internet marketing, marketing and sales documents, and informational or promotional documents used at any time to disclose any information about QuadraLean and its components to users.

11. True copies of any and all toxicological studies or toxigrams that were conducted either in-house, by any third-party, or by any independent contractor, regarding QuadraLean and its components .

12. True and accurate copies of any and all Safety Data Sheets or Material Safety Data Sheets with respect to QuadraLean and its components.

13. True copies of any internal accident report, investigation report, root cause analysis, or other investigation and/or determination concerning the safety and/or risks of QuadraLean and its components.

14. The documents comprising the information provided to the government regarding the exposure levels for QuadraLean and its components.

15. True and accurate copies of any and all documents regarding any warnings or information provided with or on QuadraLean and its components, including any changes or updates.

16. True and accurate copies of any and all transcripts of the testimony given by Defendant or any of its employees before or information provided to any government agency, or provided in any litigation, concerning QuadraLean and its components.

17. The documents described in Defendant's response regarding any study financed by Defendant relating to QuadraLean and its components, directly or through membership in an organization.

18. Produce any and all communications made to the federal government (and any agent or agency thereof) or any state government (and any agent or agency thereof) relating to this Defendant's knowledge of the risks of QuadraLean and its components.

19. Produce all documents related to all transactions in which Defendant agreed to (or not to) indemnify, defend, or hold harmless any third party, which manufactured, produced, distributed, supplied, or sold QuadraLean and its components.

20. A copy of the pleadings in each and every product liability litigation, including QuadraLean and its components, that you have been involved in or are currently involved in.

21. Any documents disclosed or produced to other plaintiffs or by other plaintiffs related to the design, safety, or warnings related to QuadraLean and its components in any other litigation in which Defendant was or is involved.

22. A copy of the deposition transcripts of each and every corporate employee, or expert witness employed or retained by any Defendant in connection with any product liability litigation, that you have been involved in or are currently involved in.

23. Provide a copy of each expert report or expert disclosure you have produced in any other product liability litigation that you have been involved in or are currently involved in.

24. All documents related to competitor or other alternative products for QuadraLean and its components, including comparisons of their safety profiles.

25. The custodial files of all relevant current or former employees who were involved in the design, development, manufacture, labels, warnings, dissemination of product and safety information, and evaluation of health and safety risks of QuadraLean and its components.

**MAZIE SLATER KATZ & FREEMAN, LLC**
*Attorneys for Plaintiff*


_____

ADAM M. SLATER

Dated: November 11, 2024

17

## RULE 4:5-1 CERTIFICATION

I hereby certify that to the best of my knowledge the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding. I do not know of any other parties who should be joined in this action at this time.

I hereby certify that the foregoing statements made by me are true. I am aware that if the statements made by me are willfully false, I am subject to punishment.

**MAZIE SLATER KATZ & FREEMAN, LLC**
*Attorneys for Plaintiff*

ADAM M. SLATER

Dated: November 11, 2024